

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

---

No. 08-25-00016-CR

---

Ryan Jamal Malone, Appellant

v.

The State of Texas, Appellee

---

On Appeal from the 466th District Court
Comal County, Texas
Trial Court No. CR2023-680E

---

## MEMORANDUM OPINION

Appellant, Ryan Jamal Malone, appeals his conviction for (1) evading arrest or detention with a vehicle, and (2) endangerment of a child, both with deadly weapon findings. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Finding no error, we affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Based on the testimony and exhibits from the jury trial below, Officer Adams James on May 28, 2022, attempted to pull Appellant over for a defective brake light and expired vehicle

registration. James was operating a marked police cruiser and turned on his overhead lights. Malone initially pulled over, but as James exited his police cruiser and turned on his body camera, Malone sped away. What followed was a police chase involving at least two other police units, with Malone and James' vehicles traveling in excess of 90 and 100 miles per hour at times. When Malone traveled down the access road to State Highway 281 (the main road was under construction), he caused a five-car pile-up and rear ended two vehicles himself. Rather than stop, one officer described him then "ramm[ing] his way through vehicles" to escape.

Eventually Malone came to the end of a road being blocked by a police cruiser and a guardrail. He struck the police cruiser and came to a complete stop. As he was being extricated from the vehicle, officers noticed a small child and dog in the back seat. In searching the vehicle, officers found marijuana, drug paraphernalia, and methamphetamine located in two places: wrapped in a lottery ticket in a cup holder and in a wallet located in a glove compartment.

A Comal County grand jury indicted Appellant for (1) evading arrest or detention with a vehicle, (2) endangering a child, and (3) possession of less than one gram of a methamphetamine The State sought a deadly weapon finding for the first two counts, and enhancement based on Malone's prior felony conviction for burglary of a habitation. At trial, three of the pursuing officers testified to the events noted above, and the State offered the in-dash and body camera footage of the chase. The State also offered the testimony of three civilians involved in the five-car pile-up caused by Malone. For his part, Malone called no witnesses and cross-examined only a few witnesses, focusing almost exclusively on the possession charge. The jury returned a verdict of guilty on the evading arrest and child endangerment charge (both with deadly weapon findings), and not guilty on the possession charge. Based on Malone's election the trial court sentenced him to ten years on each of the felony charges, with the sentences to run concurrently.

2

## II. FRIVOLOUS APPEAL

Malone's court-appointed appellate counsel has filed an *Anders* brief. *See Anders*, 386 U.S. at 744; *Gainous*, 436 S.W.2d at 138. In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, has no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744. Counsel was therefore permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id.*

Counsel in this case has concluded that, after a thorough review of the record, Malone's appeal is frivolous. Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders*, 386 U.S. at 744. In accordance with *Anders's* requirements, counsel has moved to withdraw. Additionally, counsel notified the Court in writing that she delivered a copy of the brief and motion to withdraw to Appellant, and has advised Appellant of his right to review the record and file a *pro se* brief. *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014) (setting forth duties of counsel).

## III. INDEPENDENT REVIEW

After counsel files a proper *Anders* brief, the court of appeals must conduct its own review of the record to ascertain if there are any arguable grounds for the appeal. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). We have thoroughly reviewed the record and counsel's brief in this case, and we agree with counsel's professional assessment that the appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in counsel's *Anders* brief would add nothing to the jurisprudence of the State.

## IV. FURTHER REVIEW

No substitute counsel will be appointed. Through a retained attorney or by representing himself, Malone may ask the Court of Criminal Appeals to review his case by filing a petition for discretionary review. The petition must be filed with the clerk of the Court of Criminal Appeals within 30 days after the day this Court's "judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals." Tex. R. App. P. 68.2(a). The petition must also comply with Rule 68.4. *See* Tex. R. App. P. 68.4.

## V. MOTION TO WITHDRAW

Finding Appellant's counsel has substantially complied with the requirements of *Anders* and *Kelly*, we grant counsel's motion to withdraw. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–20.

## VI. CONCLUSION

We affirm the trial court's judgment.

MARIA SALAS MENDOZA, Chief Justice

March 20, 2026

Before Salas Mendoza, C.J., Palafox, and Soto, JJ.

(Do Not Publish)

4